Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street, Suite 4000
Los Angeles, California 90013
Tel:  (213) 896-6000
Fax:  (213) 896-6600

Eugene A. Schoon (*Pro Hac Vice* Admission Pending)
eschoon@sidley.com
Kara L. McCall (*Pro Hac Vice* Admission Pending)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice* Admission Pending)
echiarello@sidley.com
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, Illinois 60603
Tel:  (312) 853-7000
Fax:  (312) 853-7036

Attorneys for Defendant Bayer Healthcare LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PACHECO, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>BAYER HEALTHCARE LLC, a Delaware Limited Liability Company, and DOES 1-10, inclusive,<br><br>    Defendants. | Case No. CV11 10698-R<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BAYER HEALTHCARE LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>JUDGE:  Manuel L. Real<br>DATE:  February 21, 2012<br>TIME:  10:00 a.m.<br>PLACE:  Courtroom 8 |

# **TABLE OF CONTENTS**

**Page(s)**

I.      INTRODUCTION ................................................................................1

II.     BACKGROUND ................................................................................2

III.    ARGUMENT ................................................................................4

    A.   Pacheco's Claims Should Be Dismissed Pursuant To The
        First-To-File Rule ................................................................................4

        1.   The "Chronology of the Actions" Factor is Satisfied
            Between the *Pacheco* and *Stanley* Complaints ...........................5

        2.   The "Similarity of the Parties" Factor is Satisfied
            Between the *Pacheco* and *Stanley* Complaints ...........................6

        3.   The "Similarity of the Subject Matter" Factor is
            Satisfied Between the *Pacheco* and *Stanley* Complaints ...........7

        4.   Pursuant to the First-to-File Rule, Dismissal of
            Plaintiff's Complaint is Proper ...................................................9

    B.   Plaintiff's Claims, Which Are Based on Allegation of Fraud, Are
        Not Pled With the Requisite Level of Specificity To Comply With
        Rule 9(b) ................................................................................11

        1.   Plaintiff's CLRA, UCL, and FAL Claims Are Subject to
            Rule 9(b)'s Heightened Pleading Requirement .........................12

        2.   Plaintiff Fails to Allege His Claims With Sufficient
            Specificity to Comply With Rule 9(b) ......................................13

IV.    CONCLUSION ................................................................................15

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

### <u>CASES</u>

*Adoma v. Univ. of Phoenix, Inc.* ..................................................................6, 7
    711  F. Supp. 2d 1142 (E.D. Cal. 2010)

*Alltrade, Inc. v. Uniweld Prods., Inc.* ..........................................................5, 9
    946 F.2d 622 (9th Cir. 1991)

*Church of Scientology of Cal. V. U.S. Dep't of Army* ...................................5
    611 F.2d 738 (9th Cir. 1979)

*Dumas v. Major League Baseball Props., Inc.* ...............................................7
    52 F. Supp. 2d 1183 (S.D. Cal. 1999)

*Gardner v. GC Servs., LP* .........................................................................4, 5, 6, 7
    No. 10-CV-997, 2010 WL 2721271 (S.D. Cal. July 6, 2010)

*Herrera v. Wells Fargo Bank* .....................................................................7, 8
    No. C 11-1485, 2011 WL 614087 (N.D. Cal. Dec. 9, 2011)

*Herrington v. Johnson & Johnson Consumer Cos., Inc.* ..................12, 13, 15
    No. C 09-1597, 2010 WL 3448531 (N.D. Cal. Sept. 1, 2010)

*In re Hydroxycut Mktg. & Sales Practices Litig.* ....................................12, 15
    801 F. Supp. 2d 993 (S. D. Cal. 2011)

*Intersearch Woldwide, Ltd. v. Intersearch Grp., Inc.* .............................. 4-5, 6
    544 F. Supp. 2d 949 (N.D. Cal. 2008)

*Kearns v. Ford Motor Co.* ........................................................................12, 13
    567 F.3d 1120 (9th Cir. 2009)

*Medlock v. HMS Host USA, Inc.* ..............................................................5, 6, 7, 8
    No. CV F 10-2167, 2010 WL 5232990 (E.D. Cal. Dec. 16, 2010)

*Moore v. Kayport Package Exp., Inc.* ...........................................................12
    885 F.2d 531 (9th Cir. 1989)

*Pacesetter Sys., Inc. v. Medtronic, Inc.* ...............................................4, 8, 10, 11
    678 F.2d 93 (9th Cir. 1982)

*Peak v. Green Tree Fin. Servicing Corp.* ..............................................4, 7, 10
    No. C 00-0953, 2000 WL 973685 (N.D. Cal. July 7, 2000)

*Puri v. Hearthside Food Solutions LLC* ........................................................11
    No. CV 11-8675, 2011 WL 6257182 (C.D. Cal. Dec. 13, 2011)

*Tompkins v. Basic Research LL* .......................................................4, 5, 6, 7, 8, 9, 11
    No. CIV. S-08-244, 2008 WL 1808316 (E.D. Cal. Apr. 22, 2008)

ii

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

*Vess v. Ciba-Geigy Corp, USA* ....................................................................... 12
    317 F.3d 1097 (9th Cir. 2003)

*Ward v. Follett Corp.* .............................................................................. 8, 9, 10
    158 F.R.D. 645 (N.D. Cal. 1994)

*Yumul v. Smart Balance, Inc.* ..................................................................... 12, 14
    733 F. Supp. 2d 1117 (C.D. Cal. 2010)

## **Rules**

Fed. R. Civ. P. 9(b) ......................................................................... 11, 12, 13, 14, 15

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

## I.      INTRODUCTION

This case is duplicative of an earlier-filed class action complaining of the same conduct by the same Defendant, encompassing the same proposed class of consumers, and seeking the same relief for the same causes of action.  Pursuant to the "first-to-file" rule, the Court may dismiss a complaint involving parties and issues substantially similar to a complaint previously filed in a different district court.  Because this case is substantially similar to a previous case filed in a different district court, it should be dismissed.

In particular, Plaintiff Gregory Pacheco ("Pacheco") alleges that Bayer HealthCare, LLC ("Bayer") made false and misleading representations regarding its Phillips' Colon Health ("PCH") products, seeks certification of a class of California residents who purchased the PCH products, asserts causes of action for alleged violations of California's False Advertising Law ("FAL") (Count I), Unfair Competition Law ("UCL") (Count II), and Consumer Legal Remedies Act ("CLRA") (Count III), and prays for both injunctive relief and damages.  Eight months before Pacheco filed his complaint, Diana Stanley ("Stanley") brought a virtually identical putative class-action complaint in the Southern District of California.  *Stanley v. Bayer Healthcare*, LLC, No. 3:11-cv-00862 (S.D. Cal. filed Apr. 22, 2011) (Ex. A).[1] Stanley alleges that Bayer made false and misleading representations regarding its Phillips' Colon Health products, *id*. ¶ 4, brings claims under the CLRA (Count I) and UCL (Count II), as well as for breach of express warranty (Count III) and unjust enrichment (Count IV), seeks certification of a nationwide class of purchasers of the PCH products, *id*. ¶ 56, and seeks injunctive relief and damages, *id*. at 23.

As these allegations illustrate, Pacheco's complaint is not only similar to, but is

---

[1] All Exhibits referenced in this Memorandum are attached to Bayer's Request for Judicial Notice, being filed concurrently with its Motion to Dismiss Plaintiff's Complaint.

1   duplicative of, the previously filed *Stanley* case.[2]  The Court should therefore dismiss

2   Pacheco's suit under the "first-to-file" rule.[3]

3          Even if Pacheco's complaint were not subject to the first-to-file rule, his claims

4   should still be dismissed pursuant to Federal Rule of Civil Procedure 9(b).  Each of

5   Pacheco's claims is grounded in Bayer's allegedly fraudulent behavior and, as such,

6   must be pled with particularity.  Because Pacheco fails to allege where he bought

7   Bayer's product, when he bought it, how much money he paid for it, which of Bayer's

8   representations he relied on, and even which Bayer product he purchased, Pacheco has

9   failed to comply with Rule 9(b).  For these reasons, as explained further below,

10   Pacheco's complaint should be dismissed.

11   ## II.     BACKGROUND

12          Pacheco filed his complaint in this Court on December 27, 2011 [D.E. 1.], eight

13   months after Stanley filed her complaint in the Southern District of California on

14   April 22, 2011.  *Stanley* Compl. (Ex. A).  Pacheco alleges that Bayer's representations

15   about its PCH products are false and misleading in that they are not backed by

16   scientific evidence.  *See, e.g., Pacheco* Compl. [D.E. 1] ¶ 9.  Pacheco states, for

17   [2] A summary judgment motion and motion for certification of a nationwide class are
18   currently pending in the *Stanley* case.  *See Stanley v. Bayer HealthCare LLC*, No. 11
     CV 0862 [D.E. 57; D.E. 76].

19   [3] Pacheco's complaint should similarly be dismissed as duplicative of three additional
20   class actions filed after the *Stanley* Complaint in the District of New Jersey against
     Bayer based on the same alleged conduct.  *See Worthington v. Bayer Healthcare LLC*,
     No. 2:11-cv-02793 (D.N.J. filed May 16, 2011) (Ex. B); *Rikos v. Bayer Healthcare*
21   *LLC*, No. 2:11-cv-03017 (D.N.J. filed May 25, 2011) (Ex. C); *Yuncker v. Bayer*
     *Healthcare LLC,* No. 2:33-cv-03299 (D.N.J. filed June 08, 2011) (Ex. D) (collectively
22   "New Jersey Complaints").  Each of these complaints, like the *Stanley* Complaint
     before them and the *Pacheco* Complaint after them, alleges that Bayer made the same
23   false and misleading representations pertaining to its PCH products.  *See, e.g.,*
     *Worthington* Compl. ¶ 2; *Rikos* Compl. ¶ 2; *Yuncker* Compl. ¶ 2.  And like Stanley,
24   the New Jersey plaintiffs each seek certification of a nationwide class of consumers of
     PCH products.  *Worthington* Compl. ¶ 49; *Rikos* Compl. ¶ 41; *Yuncker* Compl. ¶ 49.
25   Bayer has moved to dismiss each of the New Jersey Complaints as duplicative of
     *Stanley*.  *See, e.g., Rikos v. Bayer Healthcare LLC*, Defendant Bayer Healthcare
26   LLC's Brief in Support of Motion to Dismiss Plaintiff's Complaint (filed July 5,
     2011) (Ex. E).  Those motions remain pending.
27

28
     2
     DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
     SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

example, "[t]his action arises out of Bayer's claim that Phillips' Colon Health 'supports a healthy immune system,' it supports your 'overall digestive health,' and 'helps defend against occasional constipation, diarrhea, gas and bloating,' despite not being supported by scientific evidence." *Id.* ¶ 9. Like Pacheco, Stanley alleges that the same claims made by Bayer are false and misleading in that they lack scientific support. Indeed, almost identically to Pacheco, Stanley states: "Labeling also includes prominently, . . . 'supports a HEALTHY IMMUNE SYSTEM.' . . . The labeling also contains the following claims for Probiotic Caps: '3 strains of good bacteria to promote 'OVERALL DIGESTIVE HEALTH' AND 'Helps Defend Against Occasional:

    - CONSTIPATION

    - DIARRHEA

    - GAS AND BLOATING.'"

*Stanley* Compl. (Ex. A) at ¶ 27; s*ee also, e.g., id.* ¶ 13 (alleging that "Bayer fails to provide any clinical or scientific data that support its claim[s]").

      Based on Bayer's alleged failure to support its claims, Pacheco seeks certification of a class defined as "[a]ll persons who are citizens or residents of California who purchased . . . Phillips' Colon Health . . ." *Pacheco* Compl. [D.E. 1] ¶ 20. Stanley seeks certification of a class of "[a]ll persons who purchased in the United States Phillips Colon Health" products, *Stanley* Compl. (Ex. A) ¶ 56, a class that entirely encompasses the California class sought by Pacheco. Pacheco pleads three counts for alleged violations of the (1) FAL; (2) UCL; and (3) CLRA, *Pacheco* Compl. [D.E. 1] ¶¶ 30-53, and Stanley alleges violations of the UCL and CLRA, in addition to breach of express warranty and unjust enrichment. *Stanley* Compl. (Ex. A) ¶¶ 62-91. Finally, both Pacheco and Stanley seek injunctive relief as well as monetary damages. *Compare Pacheco* Compl. [D.E. 1] at 13-14, *with Stanley* Compl. (Ex. A)

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

1  at 23.[4]

2      In sum, Pacheco filed suit complaining of the same conduct by the same

3  defendant, on behalf of a class of consumers entirely encompassed by the *Stanley*

4  Complaint, and seeking the same relief pursuant to overlapping causes of action.

5  **III.   ARGUMENT**

6

7      **A.   Pacheco's Claims Should Be Dismissed Pursuant To The First-To-File Rule.**

8       The first-to-file rule dictates that when two substantially similar complaints are

9  filed in different district courts, "'the court which first acquired jurisdiction should try

10  the lawsuit and no purpose would be served by proceeding with a second action.'"

11  *Gardner v. GC Servs.*, *LP*, No. 10-CV-997, 2010 WL 2721271, at *4 (S.D. Cal. July

12  6, 2010) (quoting *Pacesetter Sys., Inc. v. Medtronic*, Inc., 678 F.2d 93, 94-95 (9th Cir.

13  1982)); *see also id.* ("The 'first to file' rule is a 'generally recognized doctrine of

14  federal comity' that allows a district court to decline jurisdiction over an action 'when

15  a complaint involving the same parties and issues has already been filed in another

16  district.'") (quoting *Pacesetter*, 678 F.2d at 94-95). "The purposes of this rule are to

17  promote efficiency, to avoid duplicative litigation, and 'to avoid the embarrassment of

18  conflicting judgments.'" *Tompkins v. Basic Research LL*, No. CIV. S-08-244, 2008

19  WL 1808316, at *5 (E.D. Cal. Apr. 22, 2008) (internal citations omitted). *See also*

20  *Peak v. Green Tree Fin. Servicing Corp.*, No. C 00-0953, 2000 WL 973685, at *2

21  (N.D. Cal. July 7, 2000) ("In the Ninth Circuit, the 'first-to-file' rule embodies the

22  principles of federal comity.") (citing *Pacesetter*, 678 F.2d at 94-95); *Intersearch*

23

---

24  [4] The New Jersey Plaintiffs similarly seek nationwide classes, bring claims under state
25  consumer fraud laws, and seek both injunctive relief and monetary damages. *See*
    *Worthington* Compl. (Ex. B) ¶¶ 61-72 (alleging violations of New Jersey's Consumer
    Fraud Act ("NJCFA")); *Rikos* Compl. (Ex. C) ¶¶ 53-88 (bringing claims under the
26  NJCFA, CLRA, UCL, and Illinois Consumer Fraud Act); *Yuncker* Compl. (Ex. D)
    ¶¶ 62-73, 84-93 (stating claims under the NJCFA and Illinois Consumer Fraud Act).

27

28

*Worldwide, Ltd. v. Intersearch Grp., Inc.*, 544 F. Supp. 2d 949, 957 (N.D. Cal. 2008) ("'The purpose of the comity principle is of paramount importance.'") (quoting *Church of Scientology of Cal. v. U.S. Dep't of Army*, 611 F.2d 738, 750 (9th Cir. 1979)). While discretionary, the rule "'normally serves the purpose of promoting efficiency well and should not be disregarded lightly.'" *Medlock v. HMS Host USA, Inc.*, No. CV F 10-2167, 2010 WL 5232990, at *3 (E.D. Cal. Dec. 16, 2010) (quoting *Church of Scientology*, 611 F.2d at 750). Where the rule applies, "a district court may transfer, stay, or dismiss the second action if it finds that doing so would be in the interests of sound judicial administration." *Tompkins*, 2008 WL 1808316, at *5 (citing *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 623 (9th Cir. 1991)).

In determining the applicability of the first-to-file rule, courts examine the 1) chronology of the actions, 2) similarity of the parties, and 3) similarity of the issues. *Id*. Consideration of these factors in the current matter demonstrates that Pacheco's complaint, filed after the *Stanley* Complaint, and involving substantially the same parties and issues, should be dismissed.

### 1.    The "Chronology of the Actions" Factor is Satisfied Between the *Pacheco* and *Stanley* Complaints.

The first factor in determining whether the first-to-file rule applies is simply one of chronology, or whose complaint was filed first. Here, Stanley's complaint was filed eight months before Pacheco's, making hers the first filed. *Compare Pacheco* Compl. [D.E. 1], *with Stanley* Compl. (Ex. A); *see also, e.g., Tompkins*, 2008 WL 1808316, at *5 (finding the chronology requirement satisfied because the first complaint was filed one month before the second complaint); *Gardner*, 2010 WL 2721271, at *4 ("the first factor is clearly satisfied because the [second] action was filed after both the [earlier] complaints were filed").

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

## 2. The "Similarity of the Parties" Factor is Satisfied Between the *Pacheco* and *Stanley* Complaints.

While the parties in the two actions must be similar, "exact identity of parties 'is not required to satisfy the first-to-file rule. The rule is satisfied if some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters.'" *Medlock*, 2010 WL 5232990, *4 (quoting *Intersearch Worldwide*, 544 F. Supp. 2d at 959 n.6); *see also Gardner*, 2010 WL 2721271, at *4 (the first-to-file "rule only requires the parties be 'substantially similar'"). "Moreover, in the context of a class action, 'the classes, and not the class representatives, are compared.'" *Gardner*, 2010 WL 2721271, at *4 (quoting *Adoma v. Univ. of Phoenix, Inc.*, 711 F. Supp. 2d 1142, 1147 (E.D. Cal. 2010)).

There is no question that the defendant in Pacheco's case is the same as in Stanley's. Although the named representatives are different, that does not defeat the first-to-file rule because these cases are proposed class actions. *See id*. And the proposed classes are substantially similar because Stanley's proposed nationwide class of PCH purchasers encompasses Pacheco's proposed California class of PCH purchasers. Another district court in this circuit has specifically addressed the situation presented here, where a first-filed plaintiff's complaint encompasses the class as defined in the later-filed complaint. *See Tompkins*, 2008 WL 1808316, at *6. In that case, the court explained:

> the [first-filed] Utah putative class is a nationwide class that explicitly subsumes all California consumers of [the product at issue]. While the Utah action includes plaintiffs in addition to California consumers, this does not negate a finding of substantial similarity. So long as California consumers are represented in both actions, the risk of inconsistent judgment remains. Accordingly, the court finds that the parties in the two actions are substantially similar.

Case No. CV11 10698-R

*Id.*[5]  *See also Peak*, 2000 WL 973685, at *2 (finding the parties sufficiently similar and the first-to-file rule applicable where "the named plaintiff in each action is different," but the proposed classes were identically defined); *Herrera v. Wells Fargo Bank*, No. C 11-1485, 2011 WL 6141087, at *2 (N.D. Cal. Dec. 9, 2011) (finding substantial similarity between parties for purposes of the first to file rule, despite the absence of a California subclass in the first-filed case).  Thus, although Stanley's proposed class "includes plaintiffs in addition to California consumers, this does not negate a finding of substantial similarity," because Stanley's proposed class wholly encompasses every potential member of Pacheco's proposed class.  *Tompkins*, 2008 WL 1808316, at *6.

### 3. The "Similarity of the Subject Matter" Factor is Satisfied Between the *Pacheco* and *Stanley* Complaints.

Under the first-to-file rule, "the issues in the two actions need not be identical, as long as they are 'substantially similar.'"  *Gardner*, 2010 WL 2721271, at *5 (citing *Adoma*, 711 F. Supp. 2d at 1148); *see also Medlock*, 2010 WL 5232990, at *5 ("'The "first-to-file" rule requires only sufficient similarity of issues to be applied.'") (quoting *Dumas v. Major League Baseball Props., Inc.*, 52 F. Supp. 2d 1183, 1193 (S.D. Cal. 1999)).

*Tompkins* is again nearly identical to this case and dispositive.  In that case, as in the present matter, the overlapping complaints both involved allegations concerning the same defendant, the same products, and the same assertions of reliance on defendant's allegedly false and misleading representations in its marketing materials.  *See Tompkins*, 2008 WL 1808316, at *6.  The first plaintiff in *Tompkins* brought a

---

[5] The proposed classes in the *Stanley* and *Pacheco* Complaints are even more similar than the California and nationwide classes in *Tompkins*, because Stanley alternatively seeks certification of a class of consumers in California.  *See* Plaintiff Stanley's Memorandum of Points and Authorities in Support of Motion for Class Certification (Ex. F) at 1-2.

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

claim under the UCL, as well as other state and federal laws, while the second overlapping complaint, like Pacheco's, alleged violations of the UCL, CLRA, and FAL. *Id.* In comparing the same claims and types of allegations as are currently made in Pacheco's and Stanley's complaints, the court explained:

> the issues in the two actions are also substantially similar. Both complaints allege virtually identical facts- that the defendants engaged in unfair practices and marketed [the product at issue] through false or misleading advertisements- and assert the same claim under the California Unfair Competition Law (which, as a matter of law, also encompasses the False Advertising Law claim asserted in this [second-filed] action). . . . The [first-filed] Utah action also includes claims in addition to those asserted here . . . but the relevant issue is whether the claims asserted here are also asserted in the [first-filed] Utah action, rather than the reverse.

*Id.* Other courts in the Ninth Circuit have reached the same conclusion where the two cases at issue involved overlapping alleged conduct. *See Herrera*, 2011 WL 6141087, at *2 (finding the subject matter of two cases substantially similar despite only one case bringing state law claims, because both cases were "based on the same practices occurring during essentially the same time period"); *Medlock*, 2010 WL 5232990, at *6 (holding the subject matter of two cases substantially similar, because "[t]here is substantial overlap of claims"); *Pacesetter*, 678 F.2d at 95-96 (finding the first to file rule applicable because "[t]he central questions in each" case were the same, and "[t]he two actions differ[ed] only as to the remedy sought"); *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994) (applying the first to file rule because "[t]he central question in both actions" was the same).

In *Tompkins*, the Court held the subject matter of the two cases to be "substantially similar," despite that only one plaintiff alleged a violation of the CLRA:

> The only such claim "missing" from the [first-filed] Utah action is a claim under the CLRA, which is alleged here [in the second action]. Substantively, the CLRA claim is similar to the UCL and FAL claims . . . . The most significant difference for purposes here is that whereas punitive damages and attorneys' fees are recoverable under the

8

CLRA, they are not recoverable under the UCL.

*Tompkins*, 2008 WL 1808316, at \*6.  Even the "most significant difference" in *Tompkins* is not present here, where both Pacheco and Stanley have filed claims under both the CLRA and UCL.  The only claim "missing" from the first-filed *Stanley* Complaint is under the FAL, which, as explained in *Tompkins*, is "encompasse[d]" by Plaintiff Stanley's UCL claim.  *Id*.

In short, Pacheco and Stanley have filed suit in two different district courts regarding the same conduct by the same defendant, on behalf of overlapping classes of consumers, and seeking the same relief for the same causes of action.  As in *Tompkins*, Pacheco and Stanley "allege virtually identical facts- that the defendant[] engaged in unfair practices and marketed [PCH] through false or misleading advertisements- and assert the same claim[s] . . ."  *Tompkins*, 2008 WL 1808316, at \*6.  As such, they have brought "substantially similar" causes of action, and the first-to-file rule is applicable.

### 4.     Pursuant to the First-to-File Rule, Dismissal of Plaintiff's Complaint is Proper.

Under the first-to-file rule, "a district court may transfer, stay, or dismiss the second action if it finds that doing so would be in the interests of sound judicial administration."  *Tompkins*, 2008 WL 1808316, at \*5 (citing *Alltrade*, 946 F.2d at 623).[6]  In light of the clear applicability of the first-to-file rule here, Pacheco's complaint should be dismissed.  The purposes of the first-to-file rule – sound judicial administration and  federal comity – would best be served by dismissal.  To take a

---

[6] While application of the rule is discretionary even where the three requirements of chronology, similarity of the parties, and similarity of the issues are satisfied, "the circumstances under which an exception to the 'first to file' rule typically will be made include bad faith, anticipatory suits, and forum shopping."  *Ward*, 158 F.R.D. at 648.  No grounds for declining to adhere to the first-to-file rule are present in this case.

simple example, the *Stanley* Court's decision on the currently pending motion for class certification will affect whether this case can or need proceed as a class action. It would be a waste of the parties' and this Court's time and resources to litigate whether this case should proceed as a class action when that very issue has already been briefed and will have been decided by another court.

In cases with similarly extensive overlap, courts have recognized that judicial economy and comity are best served by dismissal of duplicative complaints.  In *Pacesetter*, for example, the Ninth Circuit held:

> We agree with the district court that the goal of judicial efficiency would not have been served by accepting jurisdiction. . . . [A]t the time [the defendant] moved to dismiss the [second-filed] California action, neither action had proceeded past the pleading stage. However, permitting multiple litigation of these identical claims could serve no purpose of judicial administration, and the risk of conflicting determinations . . . was clear. . . . [E]conomic use of both courts' resources resulted from the California court's refusal to consider Pacesetter's claims.

*Pacesetter*, 678 F.2d at 96.  *See also, e.g., Peak*, 2000 WL 973685, at *2 ("Though the named plaintiffs are different, the issues presented in this case sufficiently duplicate those presented in the Eastern District in [the first-filed case] to justify dismissing this case.  Allowing this case to proceed would both impede judicial efficiency and run a significant risk of conflicting judgments."); *Ward*, 158 F.R.D. at 650 (dismissing the second-filed action and holding that the first-filing party "should be permitted to proceed without concern of a conflicting order being issued by this court").  In light of the nearly identical allegations and claims brought by Plaintiffs Pacheco and Stanley, "permitting multiple litigation" here "could serve no purpose of judicial administration," and Pacheco's complaint should be dismissed.  *Pacesetter*, 678 F.2d at 96.

Similarly, the interests of the parties are best served by dismissal.  Bayer should not be forced to defend against the same allegations, regarding the same class of

10

plaintiffs, in multiple concurrent litigation processes.  And, because the California class proposed by Pacheco is entirely encompassed by Stanley's proposed class, dismissal of Pacheco's complaint will not deny him or any members of his class their day in court.  *See Tompkins*, 2008 WL 1808316, at *6 (recognizing that the relevant concern for application of the first-to-file rule is whether the proposed class in the second action includes potential members who are not part of the proposed class in the first action).[7]

In short, because dismissal of Pacheco's complaint will best further judicial administration, economy, and comity – the very purposes of the first-to-file rule – the *Pacheco* Complaint should be dismissed.[8]

**B.    Plaintiff's Claims, Which Are Based on Allegations of Fraud, Are Not Pled With the Requisite Level of Specificity To Comply With Rule 9(b).**

Even if Pacheco's case were not dismissed under the first-to-file rule, it should be dismissed under Rule 9(b) for failure to plead his fraud-based claims with

---

[7] Even transfer of Pacheco's complaint, while reducing the risk of inconsistent rulings, would require the continued and unnecessary use of court resources.  Courts that have opted to transfer, rather than dismiss, duplicative complaints pursuant to the first-to-file rule have done so based on concerns not present here.  For example, in *Tompkins*, the court held that the availability of punitive damages in *only* the later-filed action based on the CLRA claim weighed in favor of transfer.  *Tompkins*, 2008 WL 1808316, at *6.  But as explained, both Pacheco and Stanley allege the same violations of the CLRA, and the only claim unique to the *Pacheco* Complaint – under the FAL – is encompassed by the UCL claim alleged by both Plaintiffs.  *Id.  See also, e.g., Puri v. Hearthside Food Solutions LLC*, No. CV 11-8675, 2011 WL 6257182, at *3 (C.D. Cal. Dec. 13, 2011) ("*Because the claims alleged in the two actions are not identical*, this Court will exercise its discretion and transfer – rather than dismiss – this action") (emphasis added).

[8] Pacheco's complaint should similarly be dismissed as duplicative of each of the three New Jersey Complaints.  Pacheco's complaint was filed after each of these complaints, raises the same allegations against the same defendant, involves the same "central questions," *Pacesetter*, 678 F.2d at 95-96, and seeks certification of a class entirely encompassed by those sought by the New Jersey plaintiffs.  Judicial comity and administration dictate that dismissal of the *Pacheco* Complaint – now *fifth* in a line of duplicative actions against Bayer – is proper.

11

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

particularity.  "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  Rule 9(b) dictates that "'[a]verments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged.'"  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  "Conclusory allegations are insufficient, and the facts constituting the fraud must be alleged with specificity."  *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1122 (C.D. Cal. 2010) (citing *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).  Dismissal of a fraud claim is proper "when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements."  *In re Hydroxycut Mktg. & Sales Practices Litig.*, 801 F. Supp. 2d 993, 1001 (S.D. Cal. 2011) (quoting *Vess*, 317 F.3d at 1107).

### 1.   Plaintiff's CLRA, UCL, and FAL Claims are Subject to Rule 9(b)'s Heightened Pleading Requirement.

Claims "grounded in fraud" must satisfy the particularity requirement of Rule 9(b).  *Kearns*, 567 F.3d at 1125 (quoting *Vess*, 317 F.3d at 1103-04).  The Ninth Circuit has "specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the CLRA and UCL."  *Id.*  "District courts in California have consistently held in addition that claims under California's FAL are grounded in fraud."  *Yumul*, 773 F. Supp. 2d at 1122.  *See also Herrington v. Johnson & Johnson Consumer Cos., Inc.*, No. C 09-1597, 2010 WL 3448532, at *6 (N.D. Cal. Sept. 1, 2010) (applying Rule 9(b) to claims under the CLRA, UCL, and FAL because "[t]he gravamen of [plaintiffs'] claims is that Defendant[ ] made affirmative misrepresentations or failed to disclose material facts about" the products at issue).

Pacheco's CLRA, UCL, and FAL claims in this matter are "grounded in fraud" because they are each based on the same alleged "affirmative misrepresentations or

12

fail[ure] to disclose material facts about" PCH.  *See Herrington*, 2010 WL 3448531, at *6.  Specifically, Plaintiff alleges that Bayer's "claims are false and misleading," *Pacheco* Compl. [D.E. 1] ¶ 10, that "Bayer has been deceptive in labeling its dietary supplements," *id*. ¶ 18, and that "Defendant misled consumers by making untrue statements . . ." *Id*. ¶ 32.  In short, the "gravamen" of Plaintiff's CLRA, UCL, and FAL claims is that Bayer misrepresented information in its marketing and labeling for PCH.  *See Kearns*, 567 F.3d at 1125.  *See also Pacheco* Compl. [D.E. 1] ¶ 32 (alleging in his FAL claim that Bayer "misled consumers by making untrue statements and failing to disclose what is required"), *id*. ¶ 38 (alleging in his UCL claim that "[t]he material misrepresentations, concealment, and non-disclosures by Defendant . . . as part of [its] marketing and advertising of [PCH] products are unlawful, unfair, and fraudulent business practices"), *id*. ¶ 50 (asserting violation of the CLRA and alleging that "Defendant is still representing that its products have characteristics which are false and misleading").

### 2. Plaintiff Fails to Allege His Claims With Sufficient Specificity to Comply with Rule 9(b).

Despite the mandates of Rule 9(b), Pacheco fails to allege the "who, what, when, where, and how" of Bayer's alleged misconduct.  *Kearns*, 567 F.3d at 1124.  Specifically, Pacheco does not allege when he purchased PCH, where he bought it, how much he paid for it, how much of the product he bought or used, or even which PCH product he purchased.  *See, e.g.*, *Pacheco* Compl. [D.E. 1] ¶ 11 (recognizing that PCH includes multiple distinct products), *id*. ¶ 20 (defining a class of consumers of *all* Phillips' Colon Health products), *id*. ¶ 1 (alleging only that Plaintiff "purchased Phillips' Colon Health Probiotic").

Instead, Pacheco vaguely states that he "purchased Phillips' Colon Health Probiotic during the Class Period in California," *id*., and that "[c]onsumers, such as

13

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff and class members, have relied on Defendant's statements and labels regarding Phillips' Colon Health's abilities" *id*. ¶ 19.  Despite providing in his complaint certain specific statements that Bayer purportedly makes in its PCH marketing and labels, *id*. ¶¶ 9-12, Plaintiff's general allegations of purchase and reliance do not comply with Rule 9(b)'s requirements.

The same was true in *Yumul*, where the Court dismissed plaintiff's complaint under Rule 9(b).  There, the plaintiff asserted claims under the CLRA, UCL, and FAL on grounds that the defendant allegedly made misleading statements in its packaging that its product, Nucoa, contained no cholesterol and was healthy.  *Yumul*, 733 F. Supp. 2d at 1120.  As the Court explained in dismissing the case:

> Yumul has failed to allege when during the [class] period . . . she saw or heard particular representations upon which her complaint is based. Although the complaint alleges that Yumul purchased Nucoa "repeatedly" during the class period, it does not allege with any greater specificity the dates on which the purchases were made. . . . Nor does the complaint allege that each time Yumul purchased the product, she saw one or both representations. . . . Yumul has failed to allege at what retailer or retailers in the state of California she purchased Nucoa.  Moreover . . . the complaint does not adequately identify the packaging that Yumul saw and on which she relied.

*Id*. at 1124.  Pacheco's complaint suffers from the same shortcomings.  Specifically, while he alleges that "[h]e purchased Phillips' Colon Health Probiotic *during the Class Period*," Compl. ¶ 1 (emphasis added), he "has failed to alleged when during the period [he] saw or heard particular representations upon which [his] complaint is based," and he "does not allege with any greater specificity the dates on which the purchase[(s)] were made."  *Yumul*, 733 F. Supp. 2d at 1124.  Similarly, Pacheco states that he bought a PCH product in California, but fails to indicate "at what retailer or retailers" such purchase was made.  *Id*.  Finally, the complaint does not identify the packaging for each of three PCH products and – because Pacheco fails to allege which PCH product he purchased – "the complaint does not adequately identify the

14

packaging" that he allegedly saw, relied on, and purchased.  *Id.*; *see also In re: Hydroxycut*, 801 F. Supp. 2d at 1006 (dismissing plaintiff's claims as failing to comply with Rule 9(b), and explaining that despite the complaint's description of representations made in packaging and various marketing, "it is unclear whether the same representations are made on the packaging of each of the 14 Hydroxycut products at issue.  The [complaint] does not distinguish between the Products.").

Moreover, Plaintiff's allegations that "[o]ne of the reasons that Plaintiff purchased the product is because he believed the product contained probiotics that supported both immune and digestive systems, based on the statement on the box," and that "[h]e also relied on the statements on the packaging that Phillips' Colon Health would help with digestive issues such as diarrhea, gas and bloating" do not rectify Plaintiff's deficient pleadings.  As explained, Plaintiff never specifies which PCH product(s) he has purchased, and as a result, reference to his reliance on general statements made in PCH packaging does nothing to alert Bayer to the specific claims on which Plaintiff purportedly relied.  Furthermore, even if these allegations of reliance did sufficiently comply with Rule 9(b) with regard to Bayer's packaging claims, they "do[] not account for the challenged statements that do not appear on labeling," *Herrington*, 2010 WL 3448532, at *7, nor for the other details that should have been provided (e.g., the where and when).

Because Plaintiff's claims "sound in fraud," and Plaintiff fails to sufficiently plead the "who, what, when, where, and how" of Bayer's alleged conduct, Plaintiff's claims should be dismissed pursuant to Rule 9(b).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint should be dismissed in its entirety.  Plaintiff's claims are barred by the first-to-file rule.  Moreover, Plaintiff has failed to plead his causes of action with the level of specificity required by Rule 9(b).

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

DATED:  January 19, 2012

By: */s/ Alycia A. Degen*
SIDLEY AUSTIN LLP
Eugene A. Schoon
Kara L. McCall
 Elizabeth M. Chiarello
One South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000

SIDLEY AUSTIN LLP
Alycia A. Degen
555 West Fifth Street
Los Angeles, California 90013
(213) 896-6000

*Counsel for Defendant Bayer Healthcare LLC*

16

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R

**Gregory Pacheco v. Bayer Healthcare LLC**
United States District Court Case No. CV11 10698-R

## CERTIFICATE OF SERVICE VIA CM/ECF SYSTEM

The undersigned certifies that on **January 19, 2012**, a true and correct copy of the following document was electronically filed and served on all counsel of record who are deemed to have consented to electronic service via the Court's CM-ECF system:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF BAYER HEALTHCARE LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to the CM/ECF system, registration as a CM/ECF user constitutes consent to electronic service through the Court's transmission facilities.  Any other counsel of record will be served by electronic mail and U.S. mail.

/s/ Alycia A. Degen
Alycia A. Degen
SIDLEY AUSTIN LLP
Attorney for Defendant Bayer Healthcare
email:  adegen@sidley.com

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. CV11 10698-R